***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before the Deputy Commissioner and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representative; or amend the Opinion and Award, except with minor modifications.
The Full Commission finds as fact and concludes as matters of law, the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employee-employer relationship existed between plaintiff and defendant-employer.
3. Defendant-employer was insured with Key Benefit Services.
4. Plaintiff's average weekly wage is $270.15, resulting in a compensation rate of $180.10 per week.
5. The parties submitted medical documents into evidence, without need of further authentication.
 ***********
Based upon all the evidence of record, the Full Commission finds the following:
 FINDINGS OF FACT
1. On October 11, 2000, plaintiff alleges that she sustained an injury by accident when she twisted her right knee, after sliding in a pool of accumulated knitting machine oil, that was on the floor at defendant-employer's place of business.
2. Plaintiff did not report this alleged injury to anyone at work on the day it allegedly happened. Mr. London, plaintiff's supervisor, saw plaintiff on the morning of her alleged injury when the shift was changing, but plaintiff made no mention of any work-related injury.
3. Plaintiff first sought medical treatment on October 14, 2000 at the Rowan Hospital Emergency Room. According to the emergency room medical records, plaintiff indicated that she had slipped several times at work over the past year and the pain had gotten worse in the last week. However, she recalled no distinct injury.
4. At the time of plaintiff's alleged injury, there were two other people working in the same general area as plaintiff and neither observed anything unusual. Plaintiff did not report any type of accident to either of those individuals in spite of the fact that plaintiff stated that the pain was so intense in her knee that she became nauseated and had to take a ten-minute break.
5. Plaintiff stated that she was unable to seek medical treatment until Saturday, October 14, 2000, because she could not drive herself and had no transportation. However, on Friday morning, a friend of hers, Janice Jones, gave plaintiff a ride to the employer to get her paycheck. Ms. Jones provided transportation on other occasions taking plaintiff to the unemployment office, the food stamp office and to her doctor's appointments. Plaintiff's testimony is not credible.
6. On Thursday, the day after the alleged accident, plaintiff spoke with Darrell London twice; however, she reported no work-related injury to him.
7. Greater weight is given to the testimony of the defense witnesses and the medical records than to the testimony of plaintiff which is not credible. Therefore, plaintiff has failed to prove by the greater weight of the evidence that she suffered a compensable injury by accident as alleged.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSION OF LAW
Plaintiff has failed to prove by the greater weight of the evidence of record that she sustained a compensable injury by accident on October 11, 2000; therefore, she is not entitled to benefits under the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-2(6).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim for benefits is hereby denied.
2. Each side shall pay its own costs.
This the ___ day of December 2001.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/______________ RENE C. RIGGSBEE COMMISSIONER
DISSENTING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER